IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**VALEN KEEFER,** :
: Civil No. 1:13-CV-1938
      **Plaintiff** :
:
**v.** :
:
**ERIE INSURANCE EXCHANGE,** :
: Judge Sylvia H. Rambo
      **Defendant** :

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Plaintiff's request to question Defendant's agents regarding the following areas of inquiry is **GRANTED IN PART** as follows:

1) Plaintiff's request to question Defendant's agents regarding the initial reserve value for Plaintiff's claim and the amount in which it has changed, if at all is **GRANTED** (*See* Part III.A);

2) Plaintiff's request to question Defendant's agents regarding the claims manuals and any documents used to process and/or investigate Plaintiff's claims is **GRANTED** (*See* Part III.B);

3) The court does not rule on Plaintiff's request to question regarding the evaluations conducted related to Plaintiff's demands or Defendant's offers but Plaintiff may inquire into evaluations formed while investigating the UIM claim in the ordinary course of business (*See* Part III.C);

4) Plaintiff's request to question Defendant's agents regarding the rationale as to why the claim has not been paid is **GRANTED** (*See* Part III.D);

5) The court does not rule on Plaintiff's request to question regarding the impressions, conclusions, and opinions of the adjuster(s) regarding the value and/or merit of the claim and/or defenses, but Plaintiff may inquire into impressions, conclusions, and opinions formed while investigating the UIM claim in the ordinary course of business (*See* Part III.C);

6) Plaintiff's request to question Defendant's agents regarding the complete un-redacted copy of the Claims file is **GRANTED**, subject to redactions for the attorney-client privilege (*See* Part III.E);

7) Plaintiff's request to question Defendant's agents regarding the names, captions and locations of all bad faith claims against the Defendant in the last five years is **DENIED** (*See* Part III.F);

8) Plaintiff's request to question Defendant's agents regarding the procedures followed or pursued to determine if a claim is to be paid is **GRANTED** (*See* Part III.B); and

9) Plaintiff's request to question Defendant's agents regarding whether Defendant deviated from its normal procedure in the investigation of Plaintiff's claims is **GRANTED** (*See* Part III.B).

**IT IS FURTHER ORDERED** that Defendant shall provide the raw test data from Dr. Sacchetti's neuropsychological examination of Plaintiff, following the execution of a confidentiality agreement designed to protect the integrity and value of the tests and methods.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  March 7, 2014.